1  PHILLIP A. TALBERT
   Acting United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  2:20-CR-174-TLN

12                    Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                      v.                   TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                                         FINDINGS AND ORDER
    JESUS ENRIQUE CALDERON-MONTES,
14  MARTHA AMELIA GOMEZ,                   DATE: July 29, 2021
    DEBORAH ANN MARTINEZ,                  TIME: 9:30 a.m.
15                                         COURT: Hon. Troy L. Nunley
                      Defendants.
16

17          This case was set for a status conference on July 29, 2021.  By this stipulation, the parties request

18  that the Court continue the status conference to October 14, 2021, and to exclude time under Local Code

19  T4, as well under the Court's General Orders, for the reasons set forth below.

20          On May 13, 2020, this Court issued General Order 618, suspending all jury trials in the Eastern

21  District of California "until further notice."  Pursuant to General Order 611, this Court's declaration of

22  judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16,

23  2020, continuing this Court's judicial emergency, this Court has allowed district judges to continue all

24  criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the

25  declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

26          Although the General Orders and declarations of emergency address the district-wide health

27  _____
    [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
28  request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

    STIPULATION REGARDING EXCLUDABLE TIME              1
    PERIODS UNDER SPEEDY TRIAL ACT

1  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

2  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

3  findings" in a particular case.  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

4  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

5  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

6  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

7  findings on the record "either orally or in writing").

8        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

10  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

11  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

12  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

13  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

14  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

15  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

16        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

17  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

18  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

19  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

20  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

21  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

22  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

23  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

24  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

25  by the statutory rules.

26        In light of the societal context created by the foregoing, this Court should consider the following

27  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

2    for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3    pretrial continuance must be "specifically limited in time").

**STIPULATION**

5         Plaintiff United States of America, by and through its counsel of record, and defendants, by and

6    through defendants' counsel of record, hereby stipulate as follows:

7         1.    By this stipulation, defendants now move to continue the status conference until October

8    14, 2021, at 9:30 a.m., and to exclude time between July 29, 2021, and October 14, 2021, under 18

9    U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4], as well as under the Court's General Orders.

10        2.    The parties agree and stipulate, and request that the Court find the following:

11             a)    The government has represented that the discovery associated with this case

12    includes investigative reports and related documents, including approximately 170 pages of

13    documents.  There is also physical evidence associated with this case, including narcotics seized

14    during the course of the investigation and arrest.  All of this discovery has been either produced

15    directly to counsel or made available for inspection. The government also anticipates producing

16    additional discovery in the form of electronic surveillance, including audio and video recordings.

17             b)    Counsel for defendants desire additional time to review this discovery, as well as

18    the current charges, to conduct investigation and research applicable law, to consult with their

19    clients and to discuss with them potential resolution of their respective cases, to file pretrial

20    motions, and to otherwise prepare for trial.

21             c)    Counsel for defendants believe that the failure to grant the above-requested

22    continuance would deny them the reasonable time necessary for effective preparation, taking into

23    account the exercise of due diligence.

24             d)    The government does not object to the continuance.

25             e)    Based on the above-stated findings, the ends of justice served by continuing the

26    case as requested outweigh the interest of the public and the defendant in a trial within the

27
28        [2] The parties note that General Order 612 acknowledges that a district judge may make
      "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
      Cal. March 18, 2020).

original date prescribed by the Speedy Trial Act.

f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 29, 2021 to October 14, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.       Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  July 26, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated:  July 26, 2021

/s/ CHRISTINA SINHA
CHRISTINA SINHA
Assistant Federal Defender
Counsel for Defendant
JESUS ENRIQUE CALDERON-MONTES

Dated:  July 26, 2021

/s/ CHRIS COSCA
CHRIS COSCA
Counsel for Defendant
MARTHA AMELIA GOMEZ

Dated:  July 26, 2021

/s/ CLEMENTE JIMÉNEZ
CLEMENTE JIMÉNEZ
Counsel for Defendant
DEBORAH ANN MARTINEZ

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 27th day of July, 2021.

Troy L. Nunley
United States District Judge