PHILLIP A. TALBERT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>JESUS ENRIQUE CALDERON-MONTES,<br>MARTHA AMELIA GOMEZ,<br>DEBORAH ANN MARTINEZ,<br><br>                              Defendants. | CASE NO.  2:20-CR-174-TLN<br><br>STIPULATION REGARDING EXCLUDABLE<br>TIME PERIODS UNDER SPEEDY TRIAL ACT;<br>ORDER<br><br>DATE: February 3, 2022<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

        This case was set for a status conference on February 3, 2022.  By this stipulation, the parties

request that the Court continue the status conference to March 31, 2022, and to exclude time under

Local Code T4, as well under the Court's General Orders, for the reasons set forth below.

        On May 13, 2020, this Court issued General Order 618, suspending all jury trials in the Eastern

District of California "until further notice."  Pursuant to General Order 611, this Court's declaration of

judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16,

2020, continuing this Court's judicial emergency, this Court has allowed district judges to continue all

criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the

declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

        Although the General Orders and declarations of emergency address the district-wide health

---

        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1.      By this stipulation, defendants now move to continue the status conference until March 31, 2022, at 9:30 a.m., and to exclude time between February 3, 2022, and March 31, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4], as well as under the Court's General Orders.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports and related documents, including approximately 170 pages of documents.  There is also physical evidence associated with this case, including narcotics seized during the course of the investigation and arrest.  All of this discovery has been either produced directly to counsel or made available for inspection.

b)      Counsel for defendants desire additional time to review this discovery, as well as the current charges, to conduct investigation and research applicable law, to consult with their clients and to discuss with them potential resolution of their respective cases, to file pretrial motions, and to otherwise prepare for trial.

c)      Counsel for defendants believe that the failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 3, 2022 to March 31, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 1, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated:  February 1, 2022

/s/ CHRISTINA SINHA
CHRISTINA SINHA
Assistant Federal Defender
Counsel for Defendant
JESUS ENRIQUE CALDERON-MONTES

Dated:  February 1, 2022

/s/ CHRIS COSCA
CHRIS COSCA
Counsel for Defendant
MARTHA AMELIA GOMEZ

Dated:  February 1, 2022

/s/ CLEMENTE JIMÉNEZ
CLEMENTE JIMÉNEZ
Counsel for Defendant
DEBORAH ANN MARTINEZ

## ORDER

IT IS SO FOUND AND ORDERED this 1st day of February, 2022.

Troy L. Nunley
United States District Judge

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4